IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LaVon Schmoll, individually and as Special Administrator of the Estate of Cyril C Schmoll, Deceased<br><br>                        Plaintiff,<br>v.<br><br>Rapid American Corporation, a corporation,<br>CBS Corporation, a corporation,<br>Owens-Illinois Inc., a corporation,<br>Weyerhaeuser Company, a corporation,<br><br>                        Defendants. | Cause No. 01 MDL 875<br><br>Case No. 09-CV-61026<br><br>*Trans. from WI-WD Case No. 98-0693* |

## SECOND AMENDED COMPLAINT

Now comes the Plaintiff, LaVon Schmoll, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Cyril C Schmoll (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants Rapid American Corporation, a corporation, CBS Corporation, a corporation, Owens-Illinois Inc., a corporation, Weyerhaeuser Company, a corporation as follows:

### JURISDICTION

1. Plaintiff, LaVon Schmoll is the wife of Decedent, Cyril C Schmoll, and resides in Pinconning, Michigan.

2. Decedent was an adult citizen and resident of Wisconsin and at the time of his death resided in Marshfield, Wisconsin.

3. Decedent died on 01/08/2008.

4. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining,

and/or selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment as a Carpenter and Laborer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on 4/20/2007.

12. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his

personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence and incorporates by reference all general allegations against the following defendants:

    a. CBS Corporation

    b. Owens-Illinois Inc.

    c. Rapid American Corporation

14. It was reasonably foreseeable that Decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that asbestos causes disease and / or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.  Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b.  Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.  Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.  Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18.    As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

19.    This cause of action is asserted against the manufacturing and supplying defendants.

20.    The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

21.    At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

22.    Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

23.    Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a.    Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.    Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.    Was not subjected to adequate investigation regarding its hazards to health; and

    d.    Was improperly designed with, or specified for, the use of asbestos as opposed to

        non-asbestos substitutes.

24.    Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

### COUNT III - NEGLIGENCE - PREMISE OWNER

25.    Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

26.    Plaintiff restates and realleges the allegations in paragraphs 1-12 above.

27.    Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Decedent's exposures.

28.    Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released and contaminate the air:

    a.    in the community surrounding the plant; and

    b.    areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

29.    The inhalation of asbestos fibers from contaminated air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedent is unrelated to any employment relationship with defendant.

30.    It was reasonably foreseeable that Decedent and other persons would be in proximity to the Weyerhaeuser Plant, or other locations to which the fibers were transported, and inhale airborne asbestos fibers released from the Weyerhaeuser Plant's operations.

31.    Defendant had a duty to exercise reasonable care for the safety of the Decedent from asbestos fibers released during defendant's operations of the Weyerhaeuser plant which would foreseeably contaminate the air surrounding the plant and other locations to which

the fibers were transported.

32. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

33. Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of his exposures.

34. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b. Failed to adequately investigate health effects of asbestos;

    c. Failed to adequately test for air levels for asbestos;

    d. Failed to adequately instruct Decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

    e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

    g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

    h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

    i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

    j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

  k. Failed to take corrective action after being put on notice of the above violations.

35. As a direct and proximate result of the acts and omissions from the premises defendant above, Decedent was injured as described above.

## COUNT IV - NUISANCE

36. Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

37. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-12 above.

38. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Decedent's exposures.

39. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant.

40. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

41. Breathing uncontaminated public air is a public right.

42. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by Decedent which contained public air.

43. Decedent and others inhaled the contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedent.

44. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedent is unrelated to any employment relationship with defendant.

45. The inhalation of asbestos fibers is a health hazard.

46. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

  a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by

    OSHA dated December 18, 1973;

  b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

  c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

  d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

  e. Adversely affected the health interests of the community at large; and

  f. Interfered with the public health and safety;

47. As a direct and proximate result of the nuisance, Decedent was injured as described above.

## COUNT V – DECLARATORY JUDGMENT

48. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

49. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

50. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and

in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

### WRONGFUL DEATH

51. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 50 above.

52. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

### PRAYER FOR RELIEF

53. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

Dated: April 8, 2010


 S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| CBS Corporation | Delaware | Pennsylvania |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Weyerhaeuser Company | Washington | Washington |

**Exhibit B**
**Decedent's work history**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Weyerhaeuser Plant | Marshfield | WI | 1957 | 1989 |